### Richard Jones v. Dwight Sackett.

*Vendor's lien:* · *Primary school lands: New certificates: Fraud.* A bill to establish and enforce an equitable lien for a portion of the purchase price of certain primary school lands, brought by an intermediate owner of said lands against his vendee, is sustained upon proofs showing that after the original purchase and an assignment of a portion by the original purchaser through mesne conveyances to the complainant, and a sale by complainant of his portion to defendant, with delivery of possession, the defendant, through collusion with the original purchaser, procured new certificates from the state land office to himself and such original purchaser for their respective interest; and that defendant afterwards, upon a settlement with complainant, assigned to him all defendant's interest in these lands as security for payment of the amount due him, though this assignment is repudiated by defendant as having been executed on Sunday and under threats of criminal prosecution.

*Heard January 23. Decided April 10.*

Appeal in Chancery from Barry Circuit.

*C. G. Holbrook* and *E. A. Holbrook,* for complainant.

*Brackett & Huggett,* for defendant.

MARSTON, J:

David R. Cooley, at a private sale October 24, 1853, purchased certain primary school lands from the state, made the first payment thereon and received the usual certificate

of purchase. In 1855 Cooley assigned his interest in a portion of this land to Henry Miller, who, in the autumn of the same year, assigned his interest therein to complainant. The latter, upon the 28th day of March, 1856, by an instrument in writing, sold his interest therein to defendant in consideration of the sum of four hundred dollars, payable fifty dollars cash, fifty dollars October 1, 1856, and fifty dollars upon the first of October each year thereafter until the whole sum should be paid, with annual interest thereon. Each party successively at the time of making his purchase entered into possession of the premises. Complainant files his bill claiming an equitable lien upon these lands under an agreement hereafter referred to, dated March 2, 1858, for the unpaid purchase money. In his bill of complaint he alleges that defendant, with intent to cheat and defraud him, procured from David R. Cooley, the original purchaser, in February, 1857, an assignment of his (Cooley's) interest in these lands; that he obtained from the supervisor a certificate that the lands could be divided without prejudice to the primary school fund, and that the original certificate to Cooley, with his assignment to Sackett endorsed thereon, and the certificate of the supervisor, were surrendered up and delivered to the commissioner of the state land office, and new certificates issued by said commissioner, one to defendant for the north half, being the lands assigned by complainant to defendant, and one to Cooley for the south half, and that defendant claims under his assignment from Cooley and under this new certificate issued as stated, June 5, 1857.

Defendant in his answer admits that Cooley purchased these lands from the state, but denies that he assigned to Miller or that Miller assigned to complainant, and denies that he (defendant) purchased from Miller or ever entered into possession under complainant. He admits that he purchased from Cooley, as already stated, and procured a new certificate from the state, and claims that the purchase

from Cooley was a *bona fide* one, for a consideration of three hundred dollars actually paid by him to Cooley.

Complainant in his bill alleges that a settlement was made by him with defendant March 2, 1858, at which time defendant, to secure him the amount then due, assigned all his interest in these lands to complainant as security. Defendant admits making this assignment, but alleges that it was executed on Sunday and under threats of a criminal prosecution. Other matters are set up by way of defense, but we do not consider it necessary to refer to them. We are satisfied from the proofs in the case that complainant's claim is correct, and that the purchase by defendant from Cooley and obtaining a new certificate thereunder was done for the purpose of cheating and defrauding complainant. Defendant does not himself testify in any very satisfactory manner how he paid Cooley the three hundred dollars he says he did, while Cooley denies ever having received any thing for such assignment. We do not consider it necessary to state all the reasons which lead us to this conclusion. There are various facts and circumstances all pointing to the same result.

Although we have carefully examined and considered the various objections urged by defendant why complainant should not have the relief sought, we have been unable to discover any sufficient legal or equitable ground to sustain all or any of the defenses raised.

The decree must be affirmed, with costs. The defendant will, however, be allowed ninety days' additional time to satisfy the decree before sale.

The other Justices concurred.